## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**CASE NO.:**

**FERNANDO COELLO**

  Plaintiff,

v.

**FAST TRANSPORT ASSOCIATES, INC.,**
a Florida Corporation,
**NORBERTO MARTINEZ**, individually,

  Defendants.

_____/

## COMPLAINT

Plaintiff, FERNANDO COELLO ("Coello"), under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, FAST TRANSPORT ASSOCIATES, INC. ("Fast Transport") d/b/a Rapido Cargo and NORBERTO MARTINEZ ("Martinez") individually, and alleges, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Fast Transport is, and was, a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Norberto Martinez is *sui juris* and a resident of Miami-Dade County, Florida.

4.     At all material times, Fernando Coello is *sui juris* and a resident of Miami-Dade County, Florida.

5.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6.     This is an action for unpaid overtime compensation and retaliation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, § 207.

7.     Upon information and belief, the annual gross revenue of Fast Transport was at all times material hereto in excess of $500,000.00 per annum.

8.     At all material times hereto, Fast Transport was and continues to be an enterprise engaged in interstate commerce.

9.     At all material times hereto, Fast Transport operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10.    As a result of the services provided by Fast Transport, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11.     By reason of the foregoing, Fast Transport is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12.     Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13.     Upon information and belief, Martinez is the president of Fast Transport and has economic and day-to-day control of Fast Transport, and of the nature and structure of Plaintiff's employment relationship with Fast Transport and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

## GENERAL ALLEGATIONS

14.     Upon information and belief, Fast Transport employed Plaintiff for six (6) years and ten (10) months from approximately February 2012 to December 2018.

15.     During Plaintiff's employment, he was employed as a Driver/Delivery Man earning $17.50 per hour.

16.     At all material times, Fast Transport's gross annual revenues were in excess of $500,000.00.

17.     Throughout his employment with Fast Transport, Plaintiff routinely worked forty-four (44) hours per week, forty (40) regular hours and four (4) overtime hours.

18.     Additionally, Fast Transport and Martinez routinely docked Plaintiff's hours attributing it to a lunch break, even though Plaintiff did not take lunch breaks.

19.     As a result, plaintiff worked in excess of seventeen (17) hours of overtime per month. Notwithstanding, Fast Transport failed/refused to pay to Plaintiff the overtime wages as required by the FLSA.

3

20.     Plaintiff complained about unpaid overtime wages, but Defendants failed/refused to resolve the issue.

21.     Upon information and belief, Martinez is the president of Fast Transport and has economic control of Fast Transport, and of the nature and structure of Plaintiff's employment relationship with Fast Transport.

22.     Notwithstanding, Fast Transport and Martinez willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours he worked over forty (40) hours.

23.     Fast Transport knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

24.     Martinez knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether Fast Transport's payroll practices were in accordance with the FLSA.

25.     Plaintiff complained to Fast Transport and Martinez that he was not being properly compensated for his overtime.

26.     As a result of the overtime and retaliation violations, Plaintiff has suffered and is entitled to unpaid wage compensation and damages.

27.     Plaintiff has complied with all conditions precedent to filing this action.

28.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### PRE-SUIT DEMAND

29.     On April 10, 2019, Plaintiff through his undersigned counsel, sent to Fast Transport a written pre-suit demand regarding the violations of the overtime provisions of the

FLSA, and requesting Employer pay the amounts owed and damages, but Fast Transport

failed/refused to do so ("Demand").

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST FAST TRANSPORT

30.    Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29)

above.

31.    This is an action against Fast Transport for overtime compensation pursuant to 29

U.S.C. § 216(B).

32.    Plaintiff routinely worked in excess of forty (40) hours per week for Fast Transport.

33.    Specifically, Plaintiff worked a total of forty-four (44) hours per week, forty (40)

regular hours and four (4) overtime hours.

34.    Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate

of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

35.    Fast Transport knew or should have known that Plaintiff suffered or was permitted

to work overtime for Fast Transport as defined in 29 U.S.C. § 203 (g).

36.    Fast Transport failed and/or refused to compensate Plaintiff for such work in excess

of forty (40) hours at rates no less than one and one-half times the regular rates, for which he

was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

37.    At all material times, Fast Transport knew or should have known that such refusal

and/or failure is prohibited by the FLSA.

38.    Notwithstanding, Fast Transport intentionally and willfully violated the FLSA, as

cited herein.

39.     At all material times, Fast Transport failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

40.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST MARTINEZ

41.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

42.     This is an action against Martinez for overtime compensation pursuant to 29 U.S.C. § 216(B).

43.     Plaintiff routinely worked in excess of forty (40) hours per week for Martinez.

44.     Specifically, Plaintiff worked a total of forty-four (44) hours per week, forty (40) regular hours and four (4) overtime hours.

45.     Defendant, Martinez, had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

46.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

47.     Martinez knew or should have known that Plaintiff suffered or was permitted to work overtime for Fast Transport as defined in 29 U.S.C. § 203 (g).

48.     Martinez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

49.     At all material times, Martinez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

6

50.     Notwithstanding, Martinez intentionally and willfully violated the FLSA as cited herein.

51.     At all material times, Martinez failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

52.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT III**
**RETALIATION UNDER FLSA**
**AGAINST FAST TRANSPORT**

53.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

54.     Fast Transport unlawfully retaliated based on Plaintiff's lawful opposition to unlawful employment practices. Specifically, Fast Transport retaliated in response to Plaintiff's complaint about overtime wages, in violation of § 215(a)(3) of the FLSA.

55.     Defendant was not properly compensating Plaintiff for his overtime hours worked and Plaintiff complained about the issue.

56.     Subsequently, Fast Transport terminated Plaintiff's employment in or about December 2018, in retaliation for his valid complaint regarding overtime wages.

57.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

**COUNT IV**
**RETALIATION UNDER FLSA**
**AGAINST MARTINEZ**

58.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

59.     Martinez unlawfully retaliated based on Plaintiff's lawful opposition to unlawful employment practices. Specifically, Martinez retaliated in response to Plaintiff's complaint about overtime wages, in violation of § 215(a)(3) of the FLSA.

60.     Defendant was not properly compensating Plaintiff for his overtime hours worked and Plaintiff complained about the issue.

61.     Subsequently, Martinez terminated Plaintiff's employment in or about December 2018, in retaliation for his valid complaint regarding overtime wages.

62.     As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

63.     Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Fernando Coello, respectfully requests that judgment be entered in his favor against Defendants Fast Transport and Martinez, as follows:

(a)     Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the FLSA;

(b)     Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c)     Awarding Plaintiff legal and equitable relief including, but not limited to, reinstatement, payment for lost and withheld compensation, and overtime wage compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d)     Awarding Plaintiff liquidated damages;

(e)     Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 20th day of June 2019.

> By: /s/ Henry Hernandez
> Henry Hernandez, Esq.
> Florida Bar No. 542601
> Law Office of Henry Hernandez, P.A.
> *Co-Counsel for Plaintiff*
> 2655 S. Le Jeune Road, Suite 802
> Coral Gables, FL 33134
> Email: Henry@HHLAWFLORIDA.com
> Tel: 305.771.3374
>
> By: /s/ Monica Espino
> Monica Espino, Esq.
> Florida Bar No. 834491
> Espino Law
> *Co-Counsel for Plaintiff*
> 2655 S. Le Jeune Road, Suite 802
> Coral Gables, FL 33134
> Email: me@espino-law.com
> Tel: 305.704.3172